STEPHEN S. STONE *vs.* PIERCE L. WIGGIN.

Under *Sts.* 1808, *c.* 65, § 6, and 1817, *c.* 183, an execution against a manufacturing corporation cannot be levied on the property of its members, unless there has first been a demand on the president, treasurer or clerk of the corporation, by the officer who holds the execution, to show to him property sufficient to satisfy and pay the sum due thereon; although, on the original writ, property of the members was attached, after a default of the corporation to show to the officer, who held the writ, property sufficient to satisfy the judgment which might be recovered thereon.

WRIT of entry to recover a parcel of land in Salem. The demandant counted on his own seizin, and a disseizin by the tenant. At the trial before the chief justice, the demandant gave in

evidence a judgment recovered by him against the Salem and Boston Stage Company, incorporated by *St.* 1828, *c.* 136, and a levy of the execution, which issued on that judgment, upon the demanded premises, as the property of James Perkins, who was a member of that company. In the said act of incorporation, it was enacted that said company should " have all the powers and privileges, and be subject to all the duties, restrictions and liabilities prescribed and contained in 'an act defining the general powers and duties of manufacturing corporations,'" (*St.* 1808, *c.* 65,) " and the several acts in addition thereto ; " viz. *Sts.* 1817, *c.* 183, and 1821, *c.* 38.

It appeared that the demandant's original writ against said company, in the action on which the aforesaid judgment was recovered, was served by an attachment of all said James Perkins's real estate situated in Salem, after the officer had demanded of the clerk and treasurer of the company to show to him sufficient real or personal estate to satisfy the judgment that might be recovered on said writ, and after the company had neglected, for fourteen days and more, to comply with that demand ; but that said execution was levied on the demanded premises, without any previous demand upon the president, treasurer or clerk of the company, to show to the officer sufficient property to satisfy and pay the sum due thereon. Whereupon a nonsuit was entered, subject to the opinion of the whole court.

This case was argued at Boston, January 30th, 1842.

*Huntington*, for the demandant.

*Proctor & Ward*, for the tenant.

SHAW, C. J. This was the case of a judgment recovered against the Salem & Boston Stage Company, and a levy of the execution on the property of James Perkins, as a member of that corporation, liable in his individual capacity for its payment. By the act incorporating this company, they were made subject to the provisions of *St.* 1808, *c.* 65, defining the powers and duties of manufacturing corporations, and the several acts in addition thereto.

This liability of an individual to satisfy an execution on a

27 *

judgment to which he was not a party, and to which he had no opportunity to answer, is created and regulated by statute, and is not to be extended, by construction, beyond the plain enactments of the statute, as found by express provision or necessary implication. *Andrews* v. *Callender*, 13 Pick. 484.

In England, it has been held, as a reasonable restriction upon such a liability, that an individual cannot be charged in execution, as a member of such company, until there has been a suggestion, on the roll, of the facts supposed to render him liable, and he has had notice and an opportunity to come in and plead. *Bartlett* v. *Pentland*, 1 Barn. & Adolph. 704. But it has been decided differently in Massachusetts ; and under the statutes which render individual members of manufacturing corporations liable for the debts of the corporation, it is held that no *scire facias*, or other process or summons, can issue against the individual ; but he is charged, at the peril of the creditor, on the same process, which issues against the corporation. *Leland* v. *Marsh*, 16 Mass. 389. *Marcy* v. *Clark*, 17 Mass. 330.

The question is, whether, if there has been an attachment of the property of an individual member of a manufacturing corporation, on mesne process, an execution can be levied on the attached property, or any other property of the same individual, without first making a demand on the corporation for payment of the execution, or property on which to satisfy it. This must depend upon the provisions of the statutes creating and regulating this liability.

The first statute provision on this subject is that of 1808, *c.* 65, § 6. It provides distinctly for an attachment of property on mesne process, or the arrest of the body of any member of such corporation, if, within fourteen days after demand, the corporation doth not show the officer sufficient real or personal property, to satisfy such judgment as may be rendered against such corporation. It also provides for levying the execution, which issues on a judgment against such corporation, upon such member, if the corporation, within fourteen days after demand, shall not show sufficient real or personal property to satisfy and pay the creditor the sum due. These two distinct provisions

are thrown together in one sentence, for the sake of brevity ; but construing it according to the maxim *reddendo singula singulis*, the above is the true result of the provision of this statute.

The *St.* of 1817, *c.* 183, though it made some alteration in the law, did not change this essential feature.  It had been decided in *Leland* v. *Marsh*, *ubi sup.* that the execution to be levied on the individual member, must be the same execution, on which demand had been made upon the corporation, and as it might often happen that fourteen days did not remain, before the return day of the execution, the remedy against the individual must fail, until an *alias* should issue, and a new demand be made on such *alias*.  This statute therefore provided, that when demand had been made on the first execution, and it was not satisfied by the corporation before the return day, the creditor might, on taking out an *alias*, levy the same on an individual member, without a new demand.  It also provided this remedy, if the corporation should not show sufficient *personal* property, and extended the liability to those persons, who were members when the debt accrued.  These were all the alterations made by this statute of 1817.

It seems to us, that these two provisions, the one to attach property on mesne process, the other to seize on execution, were made *alio intuitu ;* the former, creating a lien on property, to secure a future judgment, if one should be recovered against the corporation, and not be satisfied by them ; not affecting the owner's title, not disturbing his possession and occupation of real estate ; the latter, divesting the owner's property, and applying it to the satisfaction of the corporation's debt.  And we are of opinion that the latter liability, being not the party's own debt, but founded on the statute, is, by the statute, provisional and contingent, and can only exist where a demand has first been made on the corporation to satisfy and pay the sum due, and the corporation has neglected, for fourteen days, to comply with such demand.  It may be likened to the contingent obligation of bail, who are liable only when their principal avoids ; and such avoidance must be shown by a return of *non est inventus*.

Nor does it make any difference in regard to this liability to

pay and satisfy an execution, that property of the individual mem-
ber had been attached on mesne process, to secure a future judg-
ment, if not paid by the corporation. It may well happen that a
corporation is able to satisfy a judgment, when it is recovered,
though they were not able, or not disposed, to show personal
property to be attached previously to judgment. But the deci-
sive reason is found in the statute, which provides only that the
property of a member may be taken on execution, after the cor-
poration, which is the principal debtor, has failed, for fourteen
days after demand of satisfaction on that execution, or on exe-
cution on the same judgment, to satisfy and pay the same. There
having been no such demand in the present case, we are of opin-
ion, that the levy was void, and nothing passed by it to the de
mandant.

*Nonsuit confirmed.*